## G. F. WYATT v. BOB LYONS ET AL.

### Decided January 26, 1901.

**1.—State School Land—Actual Bona Fide Settlement—Issue for Jury.**

Where the evidence showed that plaintiff and defendant, who had been contesting applicants for the purchase of certain State school lands, were both young unmarried men, each having a place of abode elsewhere, and that neither made any very substantial improvements, or remained any considerable time on the lands, or otherwise exhibited an unmistakable purpose to establish a home there, the issue of actual, bona fide settlement should have been submitted to the jury, instead of a peremptory instruction to find for defendant.

**2.—Same—Collusion in Purchase.**

Where, in such case, the evidence tended to show that the purchase of school land made by one of the litigating applicants was made in collusion with a third person and for the latter's benefit, in violation of the statute, and the question of collusion vel non turned on such applicant's good faith in making an agreement to lease the land to the third party, the issue of collusion was for the jury, as a phase of the issue of good faith and bona fide settlement.

**3.—Same—Hearsay Evidence—Collusion.**

The issue of good faith and collusion being for the jury, it was error for the court to permit a witness to testify that one T., with whom it was charged plaintiff was acting in collusion, had told him, plaintiff not being present, that he, said T., had to get plaintiff to file on the land to keep others from getting it.

**4.—Assignments of Error—Grouping in Brief.**

Even if an assignment of error as to the admission of evidence must be dis-

regarded because grouped in the brief with other assignments complaining of the court's action in directing a verdict, this would not preclude consideration of the latter assignments.

Appeal from Baylor.   Tried below before Hon. S. I. Newton.

*Dalton & Brittain,* for appellant.

*Glasgow & Kenan* and *Theodore Mack,* for appellee.

STEPHENS, Associate Justice.—This controversy arose over sections 46 and 54 of school land in Knox County.   On May 24, 1898, Bob Lyons made application to purchase section 54 as his home section, and 46 as additional land, and both were awarded to him three days later by the Commissioner of the General Land Office.   In October following he sold the same to appellee H. T. Harrold.   On May 25, 1898, appellant made application to purchase section It as his home section, and sections 46 and 54 as additional lands, but his application as to the additional lands, the sections in controversy, was rejected by the Commissioner of the Land Office the next day after, and because of the award to Bob Lyons on a prior application.   This suit was consequently instituted by appellant, and resulted in a verdict and judgment against him, the court instructing the jury to so find.

The controverted issues were (1) whether or not Bob Lyons was an actual settler upon section 54 when he made his application to purchase; and (2) whether or not, if he was not, appellant was an actual settler upon and bona fide purchaser of section 10 at the date of his application to purchase.   Upon both of which issues appellant had the burden of proof.

A careful examination of the statement of facts leads us to the conclusion that the evidence failed to show such character of settlement on the part of either Bob Lyons or appellant as to warrant the court in withdrawing these issues of fact from the jury.   Both were young, unmarried men, each having a place of abode elsewhere, and neither of them made any very substantial improvements, or remained any considerable length of time on his home section, or otherwise exhibited an unmistakable purpose to establish a home on it.   The issue of actual settlement is peculiarly one for the jury, and the case ought to be a very clear one to authorize the court to withdraw it from them. Borchers v. Meade, 17 Texas Civ. App., 32.

In support of the court's action it is insisted that it was incumbent on appellant to show that in making his application to purchase he was not acting in collusion with others, and that the evidence on this issue was such as to warrant the court in treating the fact of collusion as undisputedly established.   He admitted that he applied for the land in pursuance of an agreement made with one Taylor in behalf of Phil Witherspoon, by the terms of which Witherspoon was to furnish him

the money to make the first payment of principal, and to pay the interest and taxes for five years for the use of the sections during that time for grazing purposes, so far as the same were not needed by appellant for his own use, he having a few horses and one head of cattle of his own. He denied that Witherspoon or any body else was to have any interest otherwise in the land, testifying that this agreement was entered into to enable him to meet his obligations as a purchaser from the State, and that he "filed on the land to get it for himself and not to get grass for Witherspoon." If such was the real nature of the transaction between him and Witherspoon, we are not prepared to hold that it necessarily showed collusion within the meaning of the law providing for the sale of school lands. The purpose of that provision evidently was, especially in view of notorious land transactions which doubtless led to its adoption, to prevent the use of one person's name in the purchase of school lands for another person or corporation, that being forbidden as early as 1881 (Acts 1881, page 121) ; and it could hardly have been the intention of the Legislature to prohibit a person really seeking to acquire a section of school land for a home, with additional sections as, provided in the act, from contracting the use of the land for grazing, purposes for a reasonable length of time, so far as it was not required for his own immediate use to enable him to pay for it. But if such was not the real purpose of appellant and not the real nature of the trans-- action between him and Witherspoon, and they were acting in collusion within the meaning of the law, it was the province of the jury, and not the court, to determine the issue. Appellant's right to acquire additional lands was conditioned upon his being a "bona fide purchaser" of the home section, that is, a purchaser who has actually settled on the land for the purpose of making it his home, and who is not in collusion with others ;. and under the testimony in this case it was as much the province of the jury to determine one phase of the issue as the other. Both should have. been submitted to the jury. Sayles' Civ. Stats., art. 4218f.

Error is asigned to the ruling of the court in permitting a witness to testify that Taylor told him that "they had to make the arrangement. to get Wyatt to file on the land to keep others from getting it," the evidence being objected to because it was immaterial, and because appellant was not present. That this ruling was erroneous appellee does not seem to controvert, but treats it as immaterial because appellant failed to make out a prima facie case. To this we can not assent, since the issues tendered by him were issues for the jury, and not exclusively for the court. The further contention that this, with other assignments, should be disregarded because all have been grouped in the brief,. if sufficient to prevent consideration of this assignment, must be overruled as to those complaining of the court's action in peremptorily instructing the jury to return a verdict for appellee.

The judgment is therefore reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*